# JacksonLewis 

Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains NY 10601
(914) 872-6882 Direct
(914) 946-1216 Fax
jacksonlewis.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/20

VIA ECF

Plaintiff's application at Dkt. 69 appears in substance to seek Article III review of this Court's discovery rulings pursuant to Rule 72(a), Fed. R. Civ. P. To the extent (as defense counsel appears to assume) that plaintiff seeks reconsideration by this Court, the Court declines to revisit its rulings.

SO ORDERED.

10/29/20

October 19, 2020

The Honorable Paul E. Davison
Magistrate Judge
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas Street
White Plains, New York 10601

Re:   **Davis v. New York Power Authority, et al.**
      **19-CV-00792 (KMK)**

Dear Judge Davison:

We represent Defendants Power Authority of New York ("NYPA"), Guy Sliker, Sangeeta Ranade, Rani Pollack, Kristine Pizzo, Paul Belnick, Justin Driscoll, Nancy Harvey and Gil C. Quinones ("Defendants") in the above matter. This letter is submitted in response to Plaintiff's Letter filed via ECF on October 14, 2020 (Dkt. No. 69).

Although styled as a "Motion for Reargument," Plaintiff is seeking reconsideration of Your Honor's Decision on September 30, 2020 denying Plaintiff's motion to compel against Defendants, in which Plaintiff was seeking additional information requested in the Interrogatory demands. Your Honor also closed discovery in this action during the last conference where the motion was decided. For the reasons set forth below, Defendants respectfully request that this motion for reconsideration be denied.

In the Motion for Reargument, Plaintiff reiterates the same argument that he made in the previous conference with Your Honor on September 30. Specifically, Plaintiff argues that Defendants have failed to respond to his Interrogatories because Defendants objected to a number of these Interrogatories on the grounds that they violate Local Rule 33.3. Plaintiff argued in his motion to compel, and argues again in the instant motion, that his Interrogatories are not subject to this Rule because he "framed interrogatories around standard questions that the EEOC uses in investigations it conducts." Plaintiff's continuing argument is simply incorrect. Defendants have responded to all of Plaintiff's Interrogatories with proper objections and responses. Furthermore, as Your Honor explained to Plaintiff on September 30, the mere fact that Plaintiff has modeled his

# JacksonLewis

Honorable Paul E. Davison
October 19, 2020
Southern District of New York
Page 2

Interrogatories after EEOC investigation questions does not remove his Interrogatories from the purview of Local Rule 33.3 or any other Rules of Civil Procedure.

Pursuant to Your Honor's Order dated August 13, 2020, all discovery was to be completed by September 30, 2020 with no further extensions permitted. On September 30, Your Honor addressed and ruled on all of Plaintiff's remaining discovery disputes, at which time Plaintiff and Defendants confirmed that they had no further outstanding discovery disputes. Your Honor subsequently closed discovery and there is no reason to reopen discovery based on Plaintiff's current motion.

Defendants respectfully request that the Court deny Plaintiff's motion in its entirety.

Thank you for your attention to this matter.

Respectfully yours,

Brian A. Bodansky
(914) 872-6882 Direct
Brian.Bodansky@jacksonlewis.com
Jackson Lewis P.C.

BAB/nps

Edward Davis (via ECF & First-Class Mail)