**JacksonLewis**

**MEMO ENDORSED**

**Jackson Lewis P.C.**
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-6882 Direct
(914) 946-1216 Fax
jacksonlewis.com

VIA ECF

November 9, 2020

The Honorable Kenneth M. Karas
District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas Street
White Plains, New York 10601

Re:  Davis v. New York Power Authority, et al.
     19-CV-00792 (KMK)

Dear Judge Karas:

> Plaintiff's objection at Dkt. No. 72 is **DENIED.**
>
> Where, as here, a Party objects to a magistrate judge's non-dispositive order, this Court must review the objection and "modify or set aside any part of the order that is clearly erroneous or [] contrary to law." *MacCartney v. O'Dell*, No. 14-CV-3925, 2017 WL 766906, at *2 (S.D.N.Y. Feb. 27, 2017). "A decision is clearly erroneous where although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation and internal quotation marks omitted).  A ruling is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (alteration and citation omitted).
>
> Having reviewed the record for any ruling that is "clearly erroneous" or "contrary to law" and finding none, the Court DENIES Plaintiff's objection.
>
> The Clerk of Court is respectfully directed to terminate the Motion at Dkt. No. 72.
>
> SO ORDERED
> KENNETH M. KARAS U.S.D.J.
> Nov. 12, 2020

We represent Defendants Power Authority of New York ("NYPA"), Guy Sliker, Sangeeta Ranade, Rani Pollack, Kristine Pizzo, Paul Belnick, Justin Driscoll, Nancy Harvey and Gil C. Quinones ("Defendants") in the above matter.  This letter is submitted in response to Plaintiff's Motion filed via ECF on November 2, 2020 (Dkt. No. 72).

Although styled as an "Amended Motion for Reargument," Plaintiff is seeking Article III review of Judge Paul E. Davison's Decision on September 30, 2020 denying Plaintiff's motion to compel against Defendants, in which Plaintiff was seeking additional information requested in the Interrogatory demands.  Plaintiff subsequently filed a "Motion for Reargument" directed to Judge Davison on October 14, 2020 (Dkt. No. 69), which Judge Davison denied on October 29 (Dkt. No. 71).  Judge Davison closed discovery in this action during the conference on September 30 when the original motion was decided.  For the reasons set forth below, Defendants respectfully request that this motion be denied.

It is black-letter law that orders regarding non-dispositive motions by a Magistrate Judge is subject to review by the District Judge under the clearly erroneous or contrary to law standard.  See, e.g., MacCartney v. O'Dell, No. 14 Civ. 3925 (NSR), 2017 U.S. Dist. LEXIS 27270, at *6 (S.D.N.Y. Feb. 27, 2017) (quoting Fed. R. Civ. P. 72(a)).  As the Court summarized in MacCartney:

**JacksonLewis**

Honorable Kenneth M. Karas
November 9, 2020
Southern District of New York
Page 2

A decision is clearly erroneous where although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. A magistrate judge's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. A showing that reasonable minds may differ on the wisdom of granting the moving party's motion is not sufficient to overturn a magistrate judge's decision. This standard affords magistrate judges broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused. Accordingly, the party seeking to overturn a magistrate judge's decision thus carries a heavy burden.

In both the Motion for Reargument and the Amended Motion for Reargument, Plaintiff reiterates the same argument that he made in the previous conference with Judge Davison on September 30. Specifically, Plaintiff argues that Defendants have failed to respond to his Interrogatories because Defendants objected to a number of these Interrogatories on the grounds that they violate Local Rule 33.3. Plaintiff argued in his Motion to Compel, and again in the Motion for Reargument, and a third time in the instant motion, that his Interrogatories are not subject to this Rule because he "framed interrogatories around standard questions that the EEOC uses in investigations it conducts." Plaintiff further argues that Local Rule 33.3 does not apply in employment discrimination cases but cites no support for such proposition.

As explained in Defendants' opposition to Plaintiff's original motion, Plaintiff's argument is simply incorrect. Defendants have responded to all of Plaintiff's Interrogatories with proper objections and responses. Magistrate Davison properly considered all arguments made by Plaintiff (both in his original motion and his Motion for Reargument) and denied his motion both times. Plaintiff has not identified any abuse of discretion by Judge Davison or any ruling by Judge Davison that could possibly be described as "clearly erroneous" or "contrary to law." Accordingly, Defendants respectfully request that Your Honor deny Plaintiff's motion and schedule a conference for the parties to discuss a briefing schedule for Defendants' anticipated Motion for Summary Judgment.

# JacksonLewis

Honorable Kenneth M. Karas
November 9, 2020
Southern District of New York
Page 3

Thank you for your attention to this matter.

Respectfully yours,

Brian A. Bodansky
(914) 872-6882 Direct
Brian.Bodansky@jacksonlewis.com
Jackson Lewis P.C.

BAB/nps

Edward Davis (via ECF & First-Class Mail)